# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF WEST VIRGINIA
# ELKINS

**JESSICA RATLIFF, as Administratrix**
**of the Estate of MICHAEL RATLIFF,**

      Plaintiff,

v.                                                                          Civil Action No. 2:13-CV-8
                                                                            (Bailey)
**STATE FARM MUTUAL AUTOMOBILE**
**INSURANCE CO.,**

      Defendant.

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This case is presently before the Court on the defendant's Motion for Summary Judgment [Doc. 97], Plaintiff's Response to Defendant's Motion for Summary Judgment [Doc. 100], and Defendant's Reply in Support of Motion for Summary Judgment [Doc. 102]. The Court has reviewed the record and the arguments of the parties, and finds that Defendant's Motion for Summary Judgment [Doc. 61] should be **GRANTED**.

**I.     BACKGROUND**

On or about September 12, 2010, motorcyclist Michael Ratliff collided with a vehicle driven by Jonathan Knight near Petersburg, West Virginia. Mr. Ratliff died shortly thereafter as a result of injuries received in the accident. Prior to his death, Mr. Ratliff had motorcycle insurance provided by the defendant, The State Farm Mutual Automobile Insurance Company. The insurance policy included an underinsured motorists' bodily insurance provision in the amount of $100,000 per person and $300,000 per accident. Mr.

Ratliff's estate asserted an underinsured motorist claim against the defendant in connection with the accident. Defendant State Farm denied the claim on the ground that Mr. Ratliff was primarily liable for the accident.

Plaintiff filed the above-styled case in this Court on January 25, 2013 [Doc. 1]. In her Complaint, the plaintiff asserts causes of action for breach of contract and violation of the West Virginia Unfair Trade Practices Act and seeks punitive damage [Id.]. This Court granted the parties' joint motion to bifurcate the plaintiff's breach of contract, bad faith, and punitive damage claims pending trial on liability and compensatory damages [Doc. 42].

On January 31, 2014, the defendant filed a Motion to Strike Plaintiff's Expert Witness, Kevin Theriault. Mr. Theriault, an accident reconstruction expert, concluded in his report that Mr. Knight's vehicle partially entered the eastbound lane while the westbound Honda motorcycle driven by Mr. Ratliff was passing the vehicle. At the pretrial conference, this Court granted the motion to strike Mr. Theriault upon its finding that Mr. Theriault's proposed testimony did not satisfy the test for admissibility set forth in ***Daubert v. Merrell Dow Pharm., Inc.***, 509 U.S. 579 (1993). The Court found that Mr. Theriault's conclusions were based in speculation and conjecture, and there were not sufficient known facts to support the opinions rendered in his report.

On February 28, 2014, the defendant filed a Motion for Summary Judgment [Doc. 97], arguing that there is no material issue of fact present and the defendant is entitled to judgment as a matter of law. Specifically, the defendant argues that the plaintiff offers no factual evidence to support a claim against Mr. Knight to support a determination of liability against him.

2

On March 6, 2014, the plaintiff responded, alleging that there remains a genuine issue of material fact due to contradictory witness testimony and it should be left to a jury to assess credibility, weigh evidence, and reach conclusions as to whether the impact took place in the opposite lane of travel [Doc. 100].

The defendant's Reply reiterates the arguments contained in its motion for summary judgment [Doc. 102].

As the matters have been fully briefed, defendant's Motion is now ripe for this Court's consideration.

## II. STANDARD OF REVIEW

The moving party is entitled to summary judgment where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). *See **Charbonnages de France v. Smith***, 597 F.2d 406, 414 (4th Cir. 1979). A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." ***Anderson v. Liberty Lobby, Inc.***, 477 U.S. 242, 248 (1986).

In considering a motion for summary judgment, the court is required to draw all reasonable inferences in favor of the nonmoving party and to view the facts in the light most favorable to the nonmoving party. ***Anderson***, 477 U.S. at 255. The moving party has the burden to show an absence of evidence to support the nonmoving party's case. ***Celotex Corp. v. Catrett***, 477 U.S. 317, 325 (1986). The party opposing summary

3

judgment must then demonstrate that a triable issue of fact exists; he may not rest upon mere allegations or denials. **Anderson**, 477 U.S. at 248.  A mere scintilla of evidence supporting the case is insufficient.  *Id.* at 252.  Although the evidence of the non-movant is to be believed and all justifiable inferences drawn in his or her favor, "a party cannot create a genuine dispute of material fact through mere speculation or compilation of inferences." **Beale v. Hardy**, 769 F.2d 213, 214 (4th Cir. 1985).

**III.    DISCUSSION**

The Court finds that the plaintiff's case relies upon only speculation and conjecture. The plaintiff may not rely solely upon inconsistencies in the witnesses' testimony to create a genuine issue of material fact in the case.  Accordingly, the defendant's Motion for Summary Judgment must be GRANTED.

A.    <u>Witness Testimony</u>

In her response in opposition to the motion for summary judgment, the plaintiff claims that "the testimony of the witnesses is so contradictory that it must be up to the jury to assess the credibility of each witness and weigh the evidence presented, and to draw conclusions from the evidence." [Doc. 100 at 3].  This Court disagrees that there exists a genuine issue of material fact.

Four witnesses were questioned in depositions as to the location of Mr. Knight's vehicle immediately prior to the accident.  The driver of the vehicle, Mr. Knight, and his wife, Mrs. Knight, testified that Mr. Knight's vehicle was in the westbound lane at all times and never crossed over.  Jeff Kimble, a passenger in the vehicle, testified that he did not

4

think that Mr. Knight crossed over the center line. Allen Parsons, a truck driver whose vehicle was approaching Mr Knight's and Mr. Ratliff's, testified in his deposition that to his recollection, he never saw Mr. Knight's vehicle go left of center in its lane. As such, there is no witness testimony that Mr. Knight's vehicle crossed left of the center line. Any such argument based on witness testimony is speculation.

B.     Additional Conflicting Witness Testimony

The plaintiff lists a number of additional issues which she claims are in dispute. The plaintiff claims that witness testimony differs as to 1) whether Mr. Ratliff's motorcycle went in the air or along the ground after impact; 2) whether Mr. Ratliff struck Mr. Parsons's truck; 3) whether there is a difference in the speed of the vehicles; 4) whether Mr. Ratliff's body was on the ground before the approach of the truck or was still in the air; 5) the location of the vehicles at the point or time of impact; and 6) whether the vehicles were in a passing zone or not at the time of the impact [Doc. 100 at 5].

Disputed issues 1, 2, 3, 4 are immaterial to the determination of whether Mr. Knight has any liability in this case and do not affect the plaintiff's ability to meet her burden of proof. The Court addressed issue 5 above. Issue 6, whether the vehicles were in a passing zone, is immaterial because neither party alleges that Mr. Knight entered the eastbound lane for purposes of passing. As such, whether the vehicles were in a passing zone at the time of impact would not affect Mr. Knight's liability. Accordingly, the additional disputed witness testimony is insufficient to create a genuine issue of material fact.

C.     Non-Testimonial Evidence

The plaintiff's response states that a jury must be permitted to weigh non-witness testimony including the Report of Accident Investigation and the physical location of Mr.

5

Ratliff's body and motorcycle following the impact.

The incident report prepared by Deputy Thompson found no improper driving on the part of Mr. Knight and concluded that Mr. Ratliff's motorcycle struck the read of Mr. Knight's vehicle. The physical location of Mr. Ratliff's body, in the eastbound or opposite lane of travel from the vehicles, is insufficient evidence for a jury to conclude that the impact took place in the opposite lane of travel.

The plaintiff has not presented any evidence establishing a question of material fact. Accordingly, there is insufficient support for the plaintiff's claims and the Court must grant summary judgment for the defendant.

**V.    Conclusion**

For the reasons stated above, the Motion for Summary Judgment **[Doc. 97]** is **GRANTED** and this case is hereby **DISMISSED** and removed from the Court's docket. The Clerk is directed to enter judgment for the defendant.

It is so **ORDERED**.

The Clerk is hereby directed to transmit copies of this Order to counsel of record.

**DATED:** March 7, 2014.

JOHN PRESTON BAILEY
CHIEF UNITED STATES DISTRICT JUDGE